ROBERT MARTIN v. THE STATE.

No. 6963.   Decided May 10, 1922.

**Intoxicating Liquor—Manufacture—Sufficiency of the Evidence—Accomplice.**

Where, upon appeal from a conviction of the unlawful manufacture of intoxicating liquor, the evidence was sufficient to sustain the conviction, and the contention that the principal witness for the State was an accomplice was not borne out by the record, the conviction is sustained.

Appeal from the District Court of Polk.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the unlawful manufacture of intoxicating liquor.  Punishment was assessed at two years confinement in the penitentiary.

We find no bills of exception in the record and no objections were filed to the charge of the court.  The sole question presented is as to the sufficiency of the evidence, and that turns upon the point as to whether Preston Martin, the principal witness for the State, was an accomplice.  Preston Martin testified that on Friday and Saturday nights in February, 1921, and just prior to a raid made by the officers on the following Monday, he saw appellant manufacturing whisky.  It is not necessary to describe the crude apparatus used by appellant, but it is shown that whisky which would produce intoxication was manufactured by the means used.  Preston Martin and Gaddy Martin were brothers, but in no way related to Robert Martin, the appellant.  A lumber company owned a vacant outhouse where the whisky was manufactured; in the house was a stove.  Preston Martin testified that Robert Martin and one Junius Robinson were the owners of the still upon which the whisky was manufactured upon the occasion in question.  The witness also testified that he and his brother (Gaddy Martin) and one Warren owned a similar outfit; that both of the stills were operated in the same vacant house;

using the same stove, but at different times. When one crowd would get through making such whisky as they desired the still then in use would be moved out; whenever the other crowd wanted whisky they would move in their still and proceed with the manufacture. Witness, Preston Martin, was present at the time appellant and Robinson were manufacturing whisky upon the occasion inquired about, and drank some of the whisky made by them. As we understand the record, there was nothing in common between the parties except that they used the same house and stove, both of which was owned by the lumber company. The witness had nothing to do with furnishing any of the equipment or material used in the manufacture of the whisky by appellant and his partner, and on the other hand appellant and his partner (Robinson) appear to have had no connection with or operation of the still owned by Preston Martin, Gaddy Martin and Warren. Each crowd knew what the other was doing. . Witness had knowledge of, but no guilty connection with, the manufacture of the whisky by appellant. Witness was also under indictment for the manufacture of whisky at the same place but not at the same time, and as we understand from the evidence, with an entirely different apparatus. If the evidence showed that Preston Martin was in any way concerned in making the whisky by appellant; had furnished any of the apparatus with which it was made or any of the material used in the manufacture thereof, or had owned the house or stove in which or upon which it was manufactured, he would be brought within the definition of an accomplice, and this testimony would necessarily have to be corroborated before a conviction could be sustained. But the evidence excludes any such idea. It is true he was present when the whisky was being made by appellant, and of course had knowledge thereof, but his knowledge and presence alone did not constitute him an accomplice. The officer testified that on Monday he searched the house and found the still which he described, and which Preston Martin says belonged to appellant and Robinson. The statement of facts fails to show that Preston Martin was an accomplice, and the evidence is therefore sufficient to support the conviction.

The judgment of the trial court is affirmed.

*Affirmed.*